UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTIE T. LOMAX,

     Plaintiff,

v.

MARKETPLACE HOMES LENDING,
LLC, HEATHER SINCLAIR, and
MARK SINCLAIR,

     Defendants.

Case No. 23-13018
Honorable Laurie J. Michelson

---

**OPINION AND ORDER SETTING ASIDE ENTRY OF DEFAULT [27, 33, 37], DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT [39, 40, 41], AND DISMISSING THE CASE**

---

In November of 2023, Mattie Lomax filled this *pro se* suit against Marketplace Homes Lending, LLC, Heather Sinclair, and Mark Sinclair. (ECF No. 1.) Her precise claims were unclear. Lomax seemed to allege that Defendants violated a Housing Assistance Payments Contract. (*Id.*) She also cited to 15 U.S.C. § 1692—the Fair Debt Collection Practices Act—and included a definition of forgery. (*Id.*) But Lomax did not assert any factual allegations that enabled the Court to determine if it had jurisdiction over the action. So the Court issued an order directing Lomax to explain the basis for its subject matter jurisdiction. (ECF No. 6.)

In her response, Lomax took a different route, asserting a new claim altogether under the Fair Housing Act, 42 U.S.C. §§ 3601–3619. (ECF No. 7.) Specifically, Lomax alleged that Defendants violated the FHA "by engaging in practices that discriminate based on economic status, race, or color," including by failing to provide

"African-American persons with [adequate] repairs . . . of ceiling leaking." (*Id.* at PageID.71.) The Court in turn directed Lomax to file an amended complaint incorporating these federal claims. (Text-Only Order, February 12, 2024.) She did so, modifying her complaint to reference the FHA, but this time alleging that Marketplace "[turned] a bl[ind] eye to the acts" of "the brother of the owner"—Mark Sinclair—who "made up false allegations of repairing" her leaking ceiling and kept "coming to [Lomax's] apartment to seduce her into a personal relationship." (ECF No. 11, PageID.117.)

Because Lomax is proceeding *in forma pauperis*, the United States Marshal Service was tasked with serving the summons and complaint on Defendants. It acknowledged receipt of the required service documents on March 27, 2024 (ECF No. 17), then attempted to serve each defendant (ECF Nos. 20, 21, 30). When Defendants did not answer or otherwise respond to the complaint, Lomax moved for the Clerk to enter default pursuant to Federal Rule of Civil Procedure 55(a), and the Clerk did. (ECF Nos. 27, 33, 37.)

Now Lomax asks the Court to enter default judgment against Defendants (*see* ECF Nos. 39–41).[1] For the reasons below, Lomax's motions for default judgment are DENIED.

But that does not end the inquiry. Because Lomax proceeds *in forma pauperis*, the Court may *sua sponte* review her complaint and dismiss the action if it determines

---

[1] Lomax styles these motions as "Writ[s] of Execution to Collection Monies." (*See* ECF Nos. 39–41.) But it is clear from their content that Lomax wants the Court to enter default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

she fails to state a claim. *Meddaugh v. Gateway*, 616 F.Supp.3d 703, 707 (E.D. Mich. 2022). Indeed, in analyzing whether a default judgment is warranted, the Court must determine whether Lomax's allegations, even taken as admitted, establish liability for the cause of action raised. *See, e.g.*, *Jones v. Portfolio Recovery Assocs., LLC, No. 16-14061*, 2017 U.S. Dist. LEXIS 184093, at *3 (E.D. Mich. Nov. 7, 2017) ("Defendant's default notwithstanding, a plaintiff is entitled to default judgment only if the complaint states a claim for relief. In other words, a default judgment cannot stand on a complaint that fails to state a claim.") (cleaned up). Because Lomax fails to state a claim for which relief can be granted, the Court DISMISSES the case.

## I.

To grant default judgment, the Court must ensure that (1) it has both subject matter jurisdiction over the claim and personal jurisdiction over the Defendants, (2) the Defendants were properly served, and (3) Lomax is entitled to the relief sought. *See C.A.T. Glob. Inc. v. OTT Transp. Servs.*, No. 24-10320, 2024 U.S. Dist. LEXIS 108107, at *2–3 (E.D. Mich. June 18, 2024). The Court will address each of these requirements in turn.

### A. Jurisdiction

Start with jurisdiction. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Lomax is seeking to assert a federal Fair Housing Act claim against Defendants. But personal jurisdiction is more complicated here.

"Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the

3

default judgment." *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010); *see Amica Mut. Ins. Co. v. Epplett*, No. 15-10442, 2015 WL 5439946, at *3 (E.D. Mich. Sept. 15, 2015) ("Accordingly, the Court must determine whether it has jurisdiction over Defendants before entering a judgment by default against parties who have not appeared in the case.") (collecting cases).

To determine whether personal jurisdiction is met in the case of a default judgment, the Court looks to whether the well-pled allegations in the complaint, taken as true, amount to a prima facie showing of personal jurisdiction. *See Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Personal jurisdiction must be analyzed and established over each defendant independently. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Here, Lomax asserts that Marketplace Homes Lending LLC has its principal place of business in Michigan. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Under Michigan law, courts may exercise general personal jurisdiction over an LLC if it is carrying on a "continuous and systematic part of its general business within the state." Mich. Comp. Laws § 600.731. Accordingly, the Court is satisfied it has personal jurisdiction over Marketplace.

The same is not true for Mark and Heather Sinclair. According to Lomax, neither defendant resides in Michigan: Heather lives in Florida, and Mark lives in Indiana. (ECF No. 17.) To be sure, the Court may have personal jurisdiction over an

out-of-state defendant if there are "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). But here, there are no facts to suggest that either of the two defendants have ever had *any* contact with Michigan. Lomax alleges that Heather Sinclair is the owner of the rental property at issue—that property is in Illinois. (ECF No. 17, PageID.145.) Likewise, Lomax alleges that Mark Sinclair was involved in maintenance on the property—maintenance, or lack thereof, that would have been performed in Illinois. Thus, taking the allegations in Lomax's complaint as true, the Court cannot find that it has personal jurisdiction over Mark and Heather Sinclair.

## B. Service of Process

Even assuming it did, or that the Sinclairs would be prepared to waive personal jurisdiction, the Court must also consider whether service of process was proper. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) ("[I]f service of process was not proper, the court must set aside an entry of default."). The plaintiff bears the burden of perfecting service of process. *See* Fed. R. Civ. P. 4(c); *Breezley v. Hamilton County*, 674 F. App'x 502 (6th Cir. 2017) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

The Court finds that Lomax has satisfied her burden of establishing that Heather Sinclair was properly served. Lomax docketed a certificate of service, which contained a signed green card from the registered mailing that was delivered to

Heather Sinclair's address. (ECF No. 21.) While the signature was illegible, the signatory checked the box claiming to be Heather Sinclair's "agent." (*Id.*) Thus, the Court is satisfied that Heather was served. *See* Fed. R. Civ. P. 4(e)(2)(C).

The same cannot be said regarding Lomax's service of Mark Sinclair.

While the USMS delivered the service documents by registered mail to the address Lomax provided, Mark did not return a signed green card. (ECF No. 30.) Accordingly, the Clerk originally denied entering default. (ECF No. 34.) But then, later that same day, Lomax submitted a United States Postal Service tracking printout conveying that unspecified mail was delivered to "individual[s]" in Detroit and Florida. (ECF No. 36.) With this documentation, the Clerk entered default. (ECF No. 37.)

That was a mistake. The tracking printout shows that two pieces of mail were sent to two unspecified addresses in Detroit, and one unspecified address in Florida. (ECF No. 36.) But it does not show that any mail was sent to Indiana—where Lomax claims Mark resides and where the USMS attempted service. Likewise, all the printout says is that an "item" was left "with an individual." (*Id.*) Thus, if anything, these tracking printouts reflect that Lomax herself mailed unspecified documents to an unspecified address that were delivered to an unspecified person. This is not proper service under either Michigan or Indiana law. *See* Fed. R. Civ. P. 4(e)(1); Mich. Ct. R. 2.105; Ind. Ct. R. 4.11. Accordingly, Lomax fails to meet her burden of establishing that Mark Sinclair was properly served.

Now on to Marketplace. Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Here, that would be Michigan. In Michigan, an LLC is properly served when the plaintiff delivers a summons and copy of the complaint (1) to the managing member, the nonmember manager, or the resident agent of the LLC or (2) to a member or other person in charge of an office of the company so long as plaintiff also sends a summons and copy of the complaint by registered mail to the registered office of the company. Mich. Ct. R. 2.105(H).

The certificate of service shows that Marketplace was served at its principal place of business and that an individual named "Dawn" signed for it. (ECF No. 20.)

But the Court does not know who "Dawn" is. "Dawn" did not indicate on the green card that she is an agent of Marketplace. (ECF No. 20.) And Lomax has not given the Court much more to go on. Lomax pleads neither who the members of the LLC are, nor who is "in charge of [the] office of the company." Mich. Ct. R. 2.105(H). And Lomax did not direct the USMS to serve any particular person—not a managing member, nonmember manger, resident agent, person "in charge," or otherwise. Accordingly, Lomax fails to meet her burden of establishing that Marketplace was properly served.

### C. Sufficiency of Lomax's Allegations

Finally, even if the Court did have personal jurisdiction over all three Defendants and even if all three Defendants were properly served, Lomax would still not be entitled to relief.

When, as here, a plaintiff seeks a default judgment under Federal Rule of Civil Procedure Rule 55(b)(2), she has the burden of establishing both liability and damages. In analyzing liability, the Court accepts as true the well-pleaded factual allegations in Lomax's complaint, draws reasonable inference from those allegations in Lomax's favor, and then asks whether Lomax has stated a claim upon which relief may be granted. *See Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010).

Lomax has failed to meet her burden of stating a claim under the Fair Housing Act.[2] As an initial matter, it is not clear what particular provision of the FHA Lomax is invoking—she merely references the FHA in its entirety. And even if the Court were to consider the subsections of the FHA cited in her show cause response (*see* ECF No. 7) Lomax asserts few factual allegations for the Court to consider. Indeed, the facts presented in her amended complaint can be summarized as follows: (1) Lomax had a Section 8 voucher, saw an apartment on Zillow, and called to make an appointment to view the apartment; (2) a representative of Marketplace showed her an apartment, and she decided to rent it; and (3) Marketplace "[turned] a bl[ind] eye to the acts" of "the brother of the owner" who "made up false allegations of repairing" her leaking ceiling and kept "coming to [Lomax's] apartment to seduce her into a personal relationship." (ECF No. 11, PageID.117.)

---

[2] To the extent Lomax's amended complaint is seeking to raise any state law claims, the Court declines to exercise supplemental jurisdiction over them. A district court may decline to exercise supplemental jurisdiction over claims arising under state law if it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).

None of these factual assertions, without more, are enough to make out a plausible claim under the FHA. Lomax does not assert facts to suggest she was discriminated against when renting her home or in any real estate–related transaction. It is hard to know what to make of the one disjointed sentence that Lomax includes in her complaint regarding "the brother of the owner" "coming to her apartment to seduce her into a personal relationship." (*Id.*) But to the extent that Lomax is suggesting that one of the defendants was harassing her, or that Marketplace was somehow complicit in such behavior, Lomax has not come close to pleading sufficient facts to support such a claim under the FHA. *See Shellhammer v. Lewallen*, No. 84-3573, 1985 U.S. App. LEXIS 14205, at *4 (6th Cir. July 31, 1985) (per curiam) (finding that two instances of harassment over three months was not pervasive enough to establish a claim under the FHA).

Accordingly, Lomax fails to state a claim and is not entitled to relief.

## II.

For the reasons above, the Court ORDERS that the Clerk's Entries of Default (ECF Nos. 27, 33, 37) be set aside. Lomax's motions for default judgment (ECF Nos. 39, 40, 41) are DENIED. And Lomax's claims against all Defendants are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A separate judgment will follow.

SO ORDERED.

Dated: October 11, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE